IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CASE NO. 5:20-CV-039 |
| § | JURY TRIAL DEMANDED |
| 3.572 ACRES OF LAND, MORE OR § | |
| LESS, SITUATED IN WEBB COUNTY, § | |
| STATE OF TEXAS; and GUILLERMO § | |
| CALDERA, § | |
| Defendants. § | |

## DEFENDANT GUILLERMO CALDERA'S ORIGINAL ANSWER
## AND OBJECTION

Defendant GUILLERMO CALDERA ("Defendants"), hereby files his Original Answer and Objections and to the United States of America's Complaint in Condemnation.

### RESPONSES TO THE COMPLAINT IN CONDEMNATION

1. Defendant does not have sufficient knowledge to form a belief as to the truth of allegations in paragraph 1.

2. Defendant admits the allegations in paragraph 2, subject its objections and defenses stated below.

3. Defendant does not have sufficient knowledge to form a belief as to the truth of the allegations in paragraph 3, which address Plaintiff's Schedule A ("Authority for the Taking,").

4. Defendant does not have sufficient knowledge to form a belief as to the truth of

the allegations in paragraph 4, which addresses Plaintiff's Schedule B ("Public Purpose, ").

5. Defendant asserts that he owns a full fee simple absolute interest in the approximately 3.572 acres of land affected by this condemnation suit in equal party with his wife as community property. In response to Paragraph 5, Defendant admits that the aerial map or plat of these 3.572 acres of land in Schedule D ("Map or Plat") and the legal description of this property in schedule C ("Legal Description, " 1) appear to be more or less accurate.

6. In response to Paragraph 6, which addresses Plaintiff's Schedule E ("Estate Taken,"), Defendant again asserts that it owns a full fee simple absolute interest in the approximately 3.572 acres of land affected by this condemnation suit in equal parts with his wife as community property. Defendant also admits that the aerial map or plat of this acreage in Schedule D and its legal description in Schedule C ("Legal Description, ") appears to be more or less accurate.

7. Defendant denies that the sum estimated in paragraph 7, which addresses Plaintiff's Schedule F ("Estimate of Just Compensation,"), constitutes just compensation for the temporary one-year assignable easement. Plaintiff has failed to deposit, an amount of money rationally estimated to constitute just compensation for the access to the land it seeks and for or the period of time it seeks, in violation of Federal Rule of Civil Procedure 71.1(j)(1), § 1103 (b), 40 U.S.C. § 3114 (a) (5), and the Due Process and takings Clauses of the Fifth Amendment to the United States Constitution. Defendant asserts that the just compensation required under law is greater than Plaintiff alleges, and therefore requests, pursuant to Federal Rule Civil Procedure 71. 1 (h)(1)(B), a trial by jury to determine just compensation for the taking and bench trial to determine any damages that may result from the taking.

8. In response to paragraph 8, which addresses Plaintiff's Schedule G ('Interested Parties,"), Defendant asserts that it owns a full fee simple absolute interest in the approximately 3.572 acres of land affected by this condemnation suit in equal parts with his wife as community property

9. To the extent that paragraph 9 requires an answer, Defendant again asserts that it owns a full fee simple absolute interest in the 3.572 acres of land affected by this condemnation suit.

## DEFENDANT'S OBJECTIONS AND DEFENSES

10. Pursuant to Rule 71.1(e)(2) of the Federal Rules of Civil Procedure, Defendant

sets out the following objections and defenses to the Complaint in Condemnation and on the approximately 3.572 acres of land to which Plaintiff seeks access. Defendant would show the following:

11. Plaintiff has no constitutional authority to exercise eminent domain in this case.

12. The statutory authorities Plaintiff cites do no authorize taking the property of Guillermo Caldera and, therefore, the Plaintiff's taking is ultra vires and this Court must invalidate that taking pursuant to the Administrative Procedure Act. 5. U.S.C. § 706 (2) (authorizing reviewing court "to hold unlawful and set aside agency action…in excess of statutory….authority…").

13. To the extent that Plaintiff has not cited federal laws that give it authority to take the above-captioned land, Defendant object.

14. To the extent that Plaintiff has not complied with the federal laws it has cited, Defendant objects.

15. The Plaintiff has not complied with the requirements of 8 U.S.C. § 1103 (b) as it has not made a bona fide effort to purchase the subject propertyrights by engaging in good faith negotiation with Defendant.

16. Defendant reserves its right to receive all notices that may be required, at present or in the future, before Plaintiff, or its contractors or agents acting on its behalf, enter Defendant's lang.

17. Defendant reserves the right to recover attorneys' fees for this action, as provided by the Equal Access to Justice Act, 28 U.S.C. § 2412. *See also U.S. v. 329.73 Acres of Land, et al.* 704 F.2d 800 (5th Cir. 1983, en bance).

18. Defendant reserves the right to file additional objections and defenses to Plaintiff's proposed temporary taking if Plaintiff files any additional amendments or if circumstances otherwise change.

### **RELIEF REQUESTED**

19. For the foregoing reasons, Defendants GUILLERMO CALDERA respectfully requests that the Court:

a. Enter an order denying the 12-month, fully assignable temporary easement sought by Plaintiff, since the scope of the easement exceeds Plaintiff's authority.

b. Vest in the Defendants title to the property that Defendant unlawfully seeks to divest by filing its complaint in condemnation.

c. Allow defendant to recover its expenses for attorneys' fees, under either the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, 42 U.S.C. § 4656(a)(1) or the Equal Access to Justice Act, 28 U.S.C. § 2412 or both, as applicable.

d. Order the Plaintiff to enter into good faith negotiations for the purchase of the property rights sought by means of its Complaint in Condemnation based on fair market value and utilizing commercially reasonable standards, as set at in 42 U.S.C. § 4651.

e. Grant Defendant's request for trial by jury under Rule 71.1(h)(1)(B) of the Federal Rules of Civil Procedure on the issue of just and adequate compensation; and

f. Grant Defendant any other relief the Court deems proper.

Dated: June 22, 2020

Respectfully Submitted,

By: /s/ Ricardo de Anda
Ricardo de Anda
SBN: 05689500
De Anda Law Firm, PC
212 Flores Ave.
Laredo, Texas. 78040
Telephone: (956)726-0038
Facsimile: (956)727-2696
deandalaw@gmail.com

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that, on the 22nd day of June 2020, he electronically submitted a true and correct copy of the foregoing Original Answer with the court via the CM/ECF system, which serve a copy on all counsel of record.

_____
Ricardo de Anda