IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 5:20-CV-039 |
| 3.572 ACRES OF LAND, MORE OR LESS, SITUATE IN WEBB COUNTY, STATE OF TEXAS; AND GUILLERMO CALDERA, | § § § § § | |
| *Defendants.* | § § | |

**REPLY TO DEFENDANTS RESPONSES TO PLAINTIFF'S MOTION FOR POSSESSION**

1. The United States respectfully submits this Reply to Defendant's Responses to Plaintiff's Motion for Possession. On April 9, 2020, the United States submitted its Opposed Motion for Order of Immediate Possession. (Docket No. 7). On July 13, 2010, the defendant filed an opposition to plaintiff's motion for possession. (Docket No. 14). Then on July 16, 2020, defendant filed an untimely amended response to Plaintiff's Opposed Motion for Order of Immediate Possession. (Docket No. 16). On July 20, 2020, the court issued an order setting a hearing date for the Motion for Immediate Possession and for the United States to file a response, specifically addressing defendant's assertion that the United States did no engage in good faith negotiations. (Docket No. 17).

2. Defendant asserts that the United States' potential award of a multimillion-dollar contract for construction of a border barrier in the Laredo Sector equates to bad faith negotiations. Defendant has improperly conflated the issue of the United States' request for access to conduct surveying and other testing on the subject property with the United States'

potential intent to take the property by connecting the request to complete a site assessment and surveys with a contract for construction.

3. The Consolidated Appropriations Act of 2018 provides the U.S. Customs and Border Protection (CBP) with, among other appropriations, $38,000,000 for border planning and design. The Consolidated Appropriations Act, 2018, Pub. L. 115-141, div. F, tit. II, 132 Stat. 348, 607 (2018) ("2018 DHS Appropriations Act") Schedule A of the Declaration of Taking, identifies the 2018 DHS Appropriations Act as the authority providing funds for the acquisition of the estate sought by the United States in this case. (Schedule A, Docket No. 2). Further, the uses stated in Schedule B of the Declaration of Taking are surveys, testing and other investigatory work to be used to plan for construction of different types of specified infrastructure. (Schedule B, Docket No. 2). Therefore, in the 2018 DHS Appropriations Act, funds have been appropriated and made available to the United States for "border barrier planning and design" and these funds are being duly used by the United States for the taking of this estate to permit surveys, testing and other work needed to plan and design border barrier infrastructure.

4. Defendant asserts in his replies that because the United States has awarded the aforementioned contract, it should thereby allow Defendant to argue legal issues for which he has no standing yet to argue. Defendant goes on to assert what he will argue when and if the United States files a condemnation action to acquire a fee estate. At this time, there remains a possibility that once the United States is granted access to the property, it may conclude that it will not construct infrastructure on the property, as the surveys and other testing may prove the property is not suitable for the needs of the United States. This

determination requires access to the subject property. At this point, Defendant's assertions regarding future construction are irrelevant and not ripe.

5. Defendant references the United States' recent condemnation of the City of Laredo's property to take a temporary easement. (*See* Civil No. 5:20-CV-031). The cited case is not relevant to the case at hand. Further, Defendant does not take into account that the City of Laredo agreed to a right of entry with the United States and afterward, the parties filed a joint stipulation for dismissal. (*Id*. Docket No. 14 and 15). However, the lawsuit filed against the City of Laredo had the same public purpose as the case at hand a temporary, limited interest taken for the purpose of planning and design for a potential border barrier and related infrastructure - not construction, as stated in the Schedule B of the Declaration of Taking. (*Id*. Docket No. 2, Schedule B).

6. To the extent Defendant challenges the authority of the United States to carry out construction of a border barrier and other infrastructure on the subject property, such a challenge is, as admitted by Defendant himself, premature and not ripe. (Docket No. 16 p. 2, lines 11-13). Additionally, it is not relevant to the temporary, non-exclusive interest that is the subject of the taking in this case. In the event the United States determines, after surveying, planning and design work has been completed, that it requires a permanent real estate interest over a portion of the subject property, it will do so in a separate action. However, in the current case pending before this Court, the United States has not sought to acquire such an interest in the subject property, but is merely seeking a temporary, limited interest to carry out planning and design activities using funds that Congress appropriated for this purpose.

7. Defendant further purports that the United States has not "made a bonafide effort to negotiate with Mr. Caldera." (Docket No. 16 p. 4, line 2)This is factually false. The United States directs the Court to paragraph 17 of the Amended Joint Case Management Plan which details undersigned counsel's good faith negotiations with the Defendant. (Docket No. 18).

8. Defendant's argument that the contract awarded gives him the ability to seek relief at this time is, by the Defendant's own admission, premature. Defendant's assertion that the United States be precluded from making arguments in a future, possible lawsuit is improper and further, is not ripe. The authority for the United States to acquire access to the subject property is clearly stated in Schedule A of the Declaration of Taking (Docket No. 2) and has nothing to do with an awarded construction contract as alleged by Defendant. Further, the United States is entitled to the entry of an order of immediate possession giving the United States possession of the temporary estate described in Schedule E of the Declaration of Taking. (Docket No. 2).

        Respectfully submitted,

        **RYAN K. PATRICK**
        United States Attorney
        Southern District of Texas

By:   *s/ Alexander N DerGarabedian*
        **ALEXANDER N. DERGARABEDIAN**
        Assistant United States Attorney
        Southern District of Texas No. 3381593
        New York Bar No. 5103577
        1701 W. Bus. Highway 83, Suite 600
        McAllen, TX 78501
        Telephone: 956-992-9380
        Facsimile: (956) 618-8016
        E-mail: alexander.dergarabedian@usdoj.gov
        Attorney in Charge for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on July 23, 2020, a copy of the foregoing was electronically filed on the CM/ECF system, which will automatically serve a Notice of Electronic Filing on counsel of record.

                                        By:    *s/ Alexander N DerGarabedian*
                                                      **ALEXANDER N. DERGARABEDIAN**
                                                      Assistant United States Attorney